# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

ALBIN FAMILY REVOCABLE LIVING  )
TRUST, et al.,                 )
                               )
        Plaintiffs,         )
                               )
vs.                            )   Case No. CIV-16-910-M
                               )
HALLIBURTON ENERGY SERVICES,   )
INC.,                          )
                               )
        Defendant.          )

## ORDER

Before the Court is plaintiffs' Motion to Compel Production of Documents, filed December 8, 2017. On December 22, 2017, defendant filed its response, and on December 29, 2017, plaintiffs filed their reply. Based upon the parties' submissions, the Court makes its determination.

Plaintiffs move this Court to enter an order finding that defendant erred and misapplied the attorney-client privilege and work product doctrine for all documents on its initial Rule 26 privilege log ("First Log") and compelling defendant to produce all of those documents on the First Log, with the exception of those documents for which it asserts attorney-client privilege and the only authors and recipients identified are Halliburton employees and a Halliburton in-house or retained counsel. Plaintiffs assert that within the First Log, defendant asserted attorney-client protection for 1,022 documents of which less than 20 involve communications solely between defendant and its counsel. Plaintiffs further assert that defendant asserts either attorney-client or work product protection for hundreds of documents that its independent contractor, SAIC Energy, Environmental & Infrastructure, LLC, formerly known as The Benham Companies, LLC (collectively "SAIC"), drafted and received internally. Plaintiffs contend that defendant has incorrectly utilized Rule 26 to protect documents that SAIC drafted or possessed and that these

documents pertain to defendant's efforts to address its contamination of the local aquifer, i.e., work done in the ordinary course of business. Plaintiffs also contend that defendant's regulatory compliance with Oklahoma law and its subsequent compliance with its Consent Order agreement with the Oklahoma Department of Environmental Quality ("ODEQ")[1] are regulatory, business requirements unrelated to litigation. Plaintiffs further contend that these documents do not reflect defendant's counsel's legal strategies and defendant did not cause them to be drafted in anticipation of litigation.

Defendant asserts that the challenged documents are protected by the work product doctrine and/or the attorney-client privilege. Defendant states that after it discovered the potential for offsite perchlorate contamination, the site investigation became the responsibility of defendant's counsel, who advised defendant in connection with adversarial regulatory proceedings with the ODEQ and in anticipation of third-party litigation. Defendant asserts that the documents at issue on the First Log were prepared by or sent to SAIC, an environmental consulting firm that was assisting counsel in advising defendant how to deal with ODEQ in these proceedings, and that decisions about how defendant should proceed in its dealings with ODEQ have been made with the guidance and advice of defendant's in-house and outside counsel since May 2011. Defendant, therefore, contends that documents generated by defendant's environmental consultants, including SAIC, relating to work performed at the direction of counsel in connection with the defense of the

---

[1] Defendant entered into a Consent Order with ODEQ to investigate and remediate potential environmental impacts from the site. Under the terms of the Consent Order, ODEQ has the power to approve any work plans for investigation and remediation of the site, and, in its sole discretion, to bring an enforcement action if at any time it considers defendant to be in violation of the terms of the Consent Order.

ODEQ regulatory proceeding under the Consent Order are clearly work product and privileged.[2] Further, defendant contends that this Court should exercise its discretion and deny plaintiffs' motion because they unreasonably and without justification waited until after the close of discovery to file their motion.[3]

Having carefully reviewed the parties' submissions, the Court, in its discretion, finds that it is appropriate to consider plaintiffs' motion to compel ever though said motion was filed after the discovery deadline. The Court finds that the issues raised in plaintiffs' motion are significant and plaintiffs' motion is not so untimely as to warrant denying the motion on the basis of untimeliness. Additionally, the Court finds that the most prudent approach to addressing plaintiffs' motion to compel would be to globally address defendant's claims of work product protection and attorney-client privilege, as no specific documents have been submitted to this Court for in camera review. If after receiving the instant order the parties are unable to agree as to the production of certain documents set forth on the First Log, the parties shall notify the Court and submit the disputed documents for an in camera review.

---

[2] In its response, defendant states that all data and facts generated by SAIC relating to work performed before the regulatory proceeding that led to entry of the Consent Decree have been produced to plaintiffs.

[3] Defendant also contends that plaintiffs have failed to satisfy the meet and confer requirement set forth in Local Civil Rule 37.1 in that plaintiffs filed the instant motion before considering defendant's responses to plaintiffs' challenges to certain documents. While the Court does not look favorably on plaintiffs' failure to consider defendant's responses following their meet and confer prior to filing the instant motion, the Court finds the fully briefed issues involved in the instant motion would not have changed to any real extent if plaintiffs had waited to file their motion. Further, in light of the upcoming trial in this matter, the Court finds that any further delay in deciding this matter would be prejudicial to the parties.

I.  Defendant's claims of work product protection

In a case based on diversity, such as the instant case, federal law governs claims of work product protection. *See Frontier Refining, Inc. v. Gorman-Rupp Co., Inc.*, 136 F.3d 695, 702 n.10 (10th Cir. 1998). The work product doctrine originated in the United States Supreme Court case, *Hickman v. Taylor*, 329 U.S. 495 (1947). In 1970, the Supreme Court adopted Federal Rule of Civil Procedure 26(b)(3), thereby codifying the work product doctrine. Rule 26(b)(3) provides, in pertinent part:

> (3) Trial Preparation: Materials.
> (A) Documents and Tangible Things. Ordinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent). But, subject to Rule 26(b)(4), those materials may be discovered if:
> (i) they are otherwise discoverable under Rule 26(b)(1); and
> (ii) the party shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means.
> (B) Protection Against Disclosure. If the court orders discovery of those materials, it must protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of a party's attorney or other representative concerning the litigation.

Fed. R. Civ. P. 26(b)(3).

> Accordingly, a party seeking work product immunity under Rule 26(b)(3) must establish that the materials are (1) "documents and tangible things;" (2) "prepared in anticipation of litigation or for trial;" (3) "by or for another party or by or for that other party's representative." *Feldman v. Pioneer Petroleum, Inc.* 87 F.R.D. 86, 88 (W.D. Okla. 1980) (quoting 8 Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 2024 (3d ed. 1998)). . . . Rule 26(b)(3) also incorporates the two-tier protection of work product implicit in *Hickman*. The discovering party may overcome work product protection of "documents and tangible things" if it establishes a "substantial need" for the materials and an inability "without undue hardship [to] obtain their substantial equivalent of the materials by other means."

> Fed.R.Civ.P. 26(b)(3). However, the Rule instructs that "the mental impressions, conclusions, opinions, or legal theories" of the attorney require heightened or special protection. *Hoffman v. United Telecommunications, Inc.*, 117 F.R.D. 436, 439 (D. Kan. 1987) ("This doctrine provide[s] an almost absolute protection for an attorney's mental impressions and conclusions.").

*Okla. v. Tyson Foods, Inc.*, 262 F.R.D. 617, 625 (N.D. Okla. 2009). Further, "[l]ike all privileges, the work product doctrine must be strictly construed." *Pac. Gas and Elec. Co. v. United States*, 69 Fed. Cl. 784, 790 (Fed. Cl. 2006) (internal quotations and citations omitted).

"The threshold determination in a case involving a claim of work product privilege is whether the material sought to be protected from discovery was prepared in anticipation of litigation or was prepared in the ordinary course of business or for other purposes." *Id.* (internal quotations and citation omitted). Thus, to determine if administrative proceedings implicate work product protection, they must involve "litigation." *See Fru-Con Constr. Corp. v. Sacramento Mun. Util. Dist.*, Civ. No. S-05-0583 LKK GGH, 2006 WL 2050999, at *4 (E.D. Cal. July 20, 2006).

> "'Adversarialness' is the touchstone of . . . the 'litigation' question, and a number of courts seem to have followed it to a large degree." *In re Grand Jury Subpoena*, 220 F.R.D. 130, 147 (D. Mass. 2004). "[T]he preferred approach gives protection only to those documents or portions of documents that were prepared principally to assist in anticipated adversarial proceedings." *Golden Trade, S.r.L. v. Lee Apparel Co.*, No. 90 Civ. 6291, 1992 WL 367070, at *4, 1992 U.S. Dist. LEXIS 17739, at *9 (S.D.N.Y. Nov. 20, 1992); *see also Willingham v. Ashcroft*, 228 F.R.D. 1, 4 (D.D.C. 2005) (stating that "litigation" includes "a proceeding in court or administrative tribunal in which the parties have the right to cross-examine witnesses or to subject an opposing party's presentation to proof to equivalent disputation. . . . In other words, to constitute 'litigation' the proceeding must be adversarial.") (citation omitted); *In re Grand Jury Subpoena Duces Tecum*, 112 F.3d 910, 924 (8th Cir. 1997) ("Courts have applied work product immunity in a variety of legal contexts. The essential element of each case, however, is that the attorney was preparing for or anticipating some sort of adversarial proceeding involving his or her client.") (citations omitted); *Jumper v. Yellow Corp.*, 176 F.R.D. 282, 285 (N.D. Ill. 1997) ("The work-

5

> product doctrine only extends to communications made as part of
> the adversary process.").

*Pac. Gas*, 69 Fed. Cl. at 792-93.

Having carefully reviewed the parties' submissions, the Court finds that defendant has not established that the documents at issue to which it has asserted work product protection – the SAIC documents – were prepared in anticipation of litigation. Specifically, the Court finds that defendant has not established that the ODEQ proceedings for which these documents were prepared are adversarial proceedings. The ODEQ proceedings consist of defendant submitting a self-disclosure letter, the negotiation and execution of a Consent Order between ODEQ and defendant to investigate and remediate potential environmental impacts from the site, and defendant's investigation and remediation of the site under the terms of the Consent Order. The Court finds these proceedings have none of the hallmarks of adversarial proceedings but are more in the nature of ex parte proceedings. Further, the Court finds defendant's contention that the ODEQ proceedings are adversarial because ODEQ has the ability to impose monetary sanctions and penalties and to enforce the Consent Order in a state district court in Oklahoma or in an administrative tribunal should defendant violate the Consent Order is too broad. Defendant's contention relies on the assumption that defendant knew that it would (or that it intended to) fail in its efforts under the Consent Order; that is, that it would ultimately be in violation of the terms of the Consent Order or some environmental act or policy, which would allow the ODEQ to pursue them. The Court finds the documents at issue were created to avoid litigation, not in anticipation of litigation.

Accordingly, the Court finds defendant's claims of work product protection as to the SAIC documents fail.

II.  Defendant's claims of attorney-client privilege

In a case based on diversity, state law governs claims of attorney-client privilege. *See Frontier Refining, Inc.*, 136 F.3d at 699. The attorney-client privilege protects "confidential communications [between the attorney and the client] made for the purpose of facilitating the rendition of professional legal services to the client." Okla. Stat. tit. 12, § 2502(B). "Under the common law, the privilege will only be recognized when the communication between the client and the attorney is made in confidence of the relationship and under circumstances from which it may reasonably be assumed that the communication will remain in confidence." *United States v. Ary*, 518 F.3d 775, 782 (10th Cir. 2008) (internal quotations and citations omitted). Confidentiality is "lost if the client discloses the substance of an otherwise privileged communication to a third party." *Id.* (internal quotations and citation omitted). Further, in order for the attorney-client privilege to apply, the party asserting the privilege must establish: (1) the existence of an attorney-client relationship; (2) the confidential nature of the communication; and (3) that the communication was made for the purpose of seeking or providing legal advice. *See Lindley v. Life Inv'rs Ins. Co. of Am.*, 267 F.R.D. 382, 388-89 (W.D. Okla. 2010). Finally, the attorney-client privilege "can also apply to communications between an environmental consultant and an attorney when the communication is made to assist the attorney in giving legal advice to the client." *Ford Motor Co. v. Mich. Consol. Gas Co.*, Civil Action No. 08-CV-13503, 2012 WL 5435184, at *4 (E.D. Mich. Sept. 27, 2013) (internal citation omitted).

Having carefully reviewed the parties' submissions, the Court finds the attorney-client privilege would apply to any communications between defendant's counsel (whether in-house counsel or outside counsel) and SAIC, their environmental consultant, if the communication is made to assist counsel in giving legal advice to defendant and the confidential nature of the

7

communication has been maintained. Defendant has submitted sufficient evidence, by way of the affidavits of its counsel attached to its response, that counsel retained SAIC to consult with and assist them in order to render advice to defendant. Whether the confidential nature of the communication has been maintained is a finding that must be made as to each specific document, which for purposes of this Order, the Court has not made.[4]

III. Conclusion

For the reasons set forth above, the Court GRANTS IN PART and DENIES IN PART plaintiffs' Motion to Compel Production of Documents [docket no. 80] as follows:

(A) The Court GRANTS the motion to compel regarding defendant's claims of work product protection as to the SAIC documents; and

(B) The Court DENIES the motion to compel regarding defendant's claims of attorney-client privilege in relation to any communications between defendant's counsel (whether in-house counsel or outside counsel) and SAIC, their environmental consultant, if the communication is made to assist counsel in giving legal advice to defendant and the confidential nature of the communication has been maintained.

Defendant shall produce any documents that are to be produced as a result of this Order by January 22, 2018.

**IT IS SO ORDERED this 11th day of January, 2018.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE

---

[4] Counsel for the parties shall meet and confer regarding the documents to which defendant asserts the attorney-client privilege in light of the Court's holdings regarding defendant's claims of attorney-client privilege. If counsel for the parties are unable to agree as to any documents, those documents may be submitted to the Court for in camera review.